UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
JULIA ANN GARCIA
*aka* Julia A. Garcia
*aka* Julia Garcia
*aka* JuliaAnn Garcia

Case No. 13-18-11215-JA

Debtor.

### DEFAULT ORDER GRANTING LSF10 MASTER PARTICIPATION TRUST RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO LSF10 MASTER PARTICIPATION TRUST LOCATED AT 6 PEREZ LANE SE ALBUQUERQUE, NEW MEXICO 87123

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to LSF10 Master Participation Trust, filed on November 7, 2018, (DOC 30) (the "Motion") by LSF10 Master Participation Trust ("Creditor"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On November 7, 2018, Creditor served the Motion and a notice of the Motion (the "Notice") on Donald Provencio, Attorney for Debtor and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized

by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Julia Ann Garcia, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 6 Perez Lane SE Albuquerque, New Mexico 87123, more fully described as:

> A CERTAIN TRACT OF LAND SITUATE AT CARNUEL, WITHIN THE CANON DE CARNUE GRANT, BERNALILLO COUNTY, NEW MEXICO, BEING BOUNDED ON THE NORTH BY LAND OF HENRY GARCIA; EAST BY OWNERS UNKNOWN; SOUTH BY LAND OF BERNARDINO GARCIA; WEST BY LAND OF G.M. SCRANTON AND BEING MORE PARTICULARLY DESCRIBED BY SURVEY MADE BY NEW MEXICO SURVEYING COMPANY AS FOLLOWS:
> BEGINNING AT THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED, A POINT ON THE WESTERLY LINE OF A ROAD EASEMENT WHENCE THE M.C. NO. 42, A BRASS CAP IN PLACE ON THE CANON DE CARNUE GRANT LINE, BEARS SOUTH 50 DEG. 17 MIN. EAST, 1055.17 FEET DISTANT; THENCE RUNNING ALONG THE WESTERLY LINE OF A ROAD EASEMENT, SAID LINE BEING ALSO THE WESTERLY LINE OF THE TRACT HEREIN DESCRIBED, NORTH 10 DEG. 44 MIN. 40 SEC. WEST, 230.65 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE FOLLOWING THE NORTHERLY LINE OF THE TRACT HEREIN DESCRIBED, NORTH 76 DEG. 29 MIN. EAST, 195.95 FEET TO THE NORTHEAST CORNER OF THE TRACT HEREIN DESCRIBED, THENCE SOUTH 34 DEG. 39 MIN. EAST, 199.30 FEET ALONG THE EASTERLY LINE OF THE TRACT HEREIN DESCRIBED TO THE SOUTHEAST CORNER, A POINT ON THE WESTERLY LINE OF A PUBLIC ROAD; THENCE SOUTH 67 DEG. 25 MIN. WEST, ALONG THE SOUTHERLY LINE OF THE TRACT HEREIN DESCRIBED, 282.49 FEET TO THE SOUTHWEST CORNER, BEING THE POINT OF BEGINNING.
> AND
> A CERTAIN TRACT OF LAND SITUATE AT CARNUEL, IN SECTION 30, T. 10 N., R. 5 E., N.M.P.M., WITHIN THE CANON DE CARNUE GRANT, BERNALILLO COUNTY, NEW MEXICO AND BEING MORE PARTICULARLY DESCRIBED BY SURVEY AS FOLLOWS:
> BEGINNING AT THE SOUTHEASTERLY CORNER OF THE TRACT HEREIN DESCRIBED, WHENCE THE M.C. CORNER OF NO. 42, A BRASS CAP IN PLACE ON THE SOUTH BOUNDARY OF THE CANON DE CARNUE GRANT BEARS S. 36 DEG. 08' 07" E. 957.10 FEET; THENCE FROM SAID POINT OF BEGINNING N. 13 DEG. 20' E. 66.42 FEET TO THE N.E. CORNER; THENCE N 89

DEG. 07' 16" W. 60.64 FEET TO THE N.W. CORNER; THENCE S. 34 DEG. 39' E. 79.69 FEET TO THE SOUTHEASTERLY CORNER AND POINT OF BEGINNING,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on December 3, 2018;

(f) As of December 6, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Creditor certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Julia Ann Garcia
Debtor
6 Perez Lane S.E.
Albuquerque, NM 87123

Donald Provencio
Attorney for Debtor
1721 Carlisle Blvd NE
Albuquerque, NM 87110-5621
Telephone: (505) 843-7071
Gail.DPLawfirm@comcast.net

Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW Suite 350
Albuquerque, NM 87102-3111
Telephone: 505-243-1335